LEWIS GARDNER, Respondent, *v.* WALKER D. HINES, Director General of Railroads, Appellant.

Second Department, December 29, 1919.

Ships and shipping — when barge engaged in interstate commerce — negligence — injury to captain of barge — recovery governed by Federal Employers' Liability Act — defendant liable for negligence although accident is caused in part by contributory negligence — deduction from recovery because of contributory negligence — failure of defendant to request special findings.

A barge attached to a tug and engaged in transporting cargoes from the city of New York to Weehawken, N. J., is, while actually in the course of the voyage, engaged in interstate commerce, and the captain of the barge while passing to and from the same to the tug for the purpose of taking coal for the barge galley, which he was entitled to do, was at the time under the protection of the Federal Employers' Liability Act.

Where the captain of the barge, while engaged as aforesaid, was injured by falling into a manhole on the tug it was proper to decline to charge that the verdict should be for the defendant in case of the plaintiff's contributory negligence, for the Federal statute allows a recovery if the accident was caused in part by negligence of the defendant's servants.

Although where the injury resulted partially from contributory negligence the statute allows a deduction from the plaintiff's recovery, the court cannot review the recovery in this respect where the defendant's counsel did not request special findings as to what sum should be deducted.

APPEAL by the defendant, Walker D. Hines, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of May, 1919, upon the verdict of a jury for $21,500, and also from an order entered in said clerk's office on the 7th day of May, 1919, denying defendant's motion for a new trial made upon the minutes.

The original complaint named the New York Central Railroad Company as defendant, as owner both of the covered barge called the *Ansonia*, and of the harbor tug No. 17, which were alleged at the time as engaged in interstate commerce.

The covered barge *Ansonia* had left Sixty-fifth street, North river, in tow alongside of tug No. 15 at one-thirty P. M. of April 20, 1918, bound across the river to the West Shore piers at Weehawken, N. J.

Plaintiff (employed as barge captain) with his wife had living quarters on the *Ansonia,* receiving wages of sixty-eight dollars a month and supplies of coal and oil, which he was to take from the company's tugs.

While out in the river, plaintiff had passed from the barge down and upon the port side of tug No. 17, over its coal bunkers, and lowered empty buckets for coal, which when hoisted up, plaintiff passed to his wife on the barge. Later, as he was going up to return to the barge, plaintiff made a mis-step, and his foot going back came down on a grating over one of the manholes. The grating tilted, so that plaintiff fell into the hole astride the upturned edge of the grating, sustaining severe injuries.

Plaintiff had averred that defendant at the time was engaged in interstate commerce, also that he, as its employee, was so engaged in the business of interstate commerce.

The Director General of Railroads operated these vessels as part of the New York Central railroad system. At the trial, that official was substituted as defendant.

*Jacob Aronson* [*Martin Gilligan* and *Alexander S. Lyman* with him on the brief], for the appellant.

*Edward J. McCrossin* [*R. Percy Chittenden* with him on the brief], for the respondent.

PUTNAM, J.:

Where a barge with tug is engaged in transporting cargo from New York city to the West Shore piers at Weehawken, N. J., and is actually in course of that voyage, the owner is engaged in interstate commerce. The proof here also brings within the protection of the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143) the barge captain's acts when in the course of the voyage he passed to and from the tug alongside, in taking coal for his barge galley. As the statute allows a recovery if the accident was caused in part from negligence of defendant's employees, the court rightly declined to charge that if the proximate cause of plaintiff's accident was his fall from the tug's rail, the verdict should be for defendant. Counsel did not request special findings as

to what sum they deducted from plaintiff's recovery, because of any contributory negligence on his part, as this court, following the Federal courts, has suggested should be the proper form of verdict in such cases (*McAuliffe* v. *New York Central & H. R. R. R. Co.*, 172 App. Div. 597), so that we are deprived of the means to review this verdict in that respect.

In the entire record we find no reversible error. The judgment and order are, therefore, affirmed, with costs.

Present — RICH, PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.